IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Maurice B.
WEISFELDT, Attorney at Law.

Supreme Court

*No. 89-0098-D. Filed May 12, 1989.*

(Also reported in 439 N.W.2d 137.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license revoked.*

We review the report of the referee setting forth
findings of fact and conclusions of law concerning the
professional misconduct of Attorney Maurice B. Weis-
feldt and recommending as discipline for that miscon-
duct the revocation of his license to practice law in
Wisconsin. The misconduct consisted of Attorney We-
isfeldt's actions as special administrator and co-person-
al representative of an estate of a former client.
Attorney Weisfeldt deposited estate funds into his
personal bank account, made unauthorized payments

and loans to himself from those funds, testified falsely under oath regarding his receipt of estate funds, filed a false final account in the estate, signed the name of the other co-personal representative on checks and withdrawal slips on the estate account and as endorsements on checks payable to the estate without authorization to do so, deposited his personal funds and the funds of others into the estate's accounts, testified falsely to the probate court concerning his handling of estate assets and failed to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board) into his conduct.

At the inception of this disciplinary proceeding, the Board sought the immediate temporary suspension of Attorney Weisfeldt's license to practice law on the ground that his continued practice while the proceeding was pending posed a threat to the interests of the public and to the administration of justice. We issued an order to show cause on the Board's motion and, following a proceeding before the referee on the motion and show cause order, we suspended Attorney Weisfeldt's license pending disposition of this proceeding.

We determine that Attorney Weisfeldt's misconduct warrants the most severe discipline—revocation of his license to practice law. By converting to his own use funds of an estate he was appointed to preserve and protect and by giving false testimony to conceal his wrongdoing, Attorney Weisfeldt violated his most basic duty to those he served in his professional capacity— his client and the court system. He has clearly established his unfitness to be trusted by clients, the public and the courts to represent the interests of others.

Attorney Weisfeldt was admitted to practice law in Wisconsin in 1961 and practiced in Milwaukee. Although he has not been the subject of a prior disciplin-

498

ary proceeding, in November, 1986 he was privately reprimanded by the Board for his neglect of the estate involved here and for his failure to promptly respond to Board inquiries into his conduct. The referee is Attorney James E. Doyle, Jr.

The referee made the following findings of fact based on the allegations of the Board's complaint, to which Attorney Weisfeldt made no answer. In 1979 Attorney Weisfeldt was appointed special administrator and co-personal representative of the estate of a former client; the other co-personal representative was the decedent's sister. Attorney Weisfeldt received rental payments amounting to approximately $4600 on behalf of the estate and deposited them into his personal bank account. He wrote checks on the estate's accounts to himself totaling approximately $5000 and made unauthorized loans to himself from estate funds in the amount of $3435. On numerous occasions he signed the name of the co-personal representative to checks written on the estate account, to withdrawal slips on the estate's investment account and as endorsements to checks payable to the estate. He also deposited personal funds and funds of other persons into the estate's accounts.

From 1979 through 1987, Attorney Weisfeldt diverted approximately $21,000 from the estate to his personal accounts for his personal use. The estate brought a civil action against him to recover funds he had diverted and to recover damages suffered by the estate as a result of his negligent handling of it. That action was settled by Attorney Weisfeldt's payment to the estate of $17,500.

When deposed in January, 1988, Attorney Weisfeldt testified under oath that he had not received any loans from estate funds or authorized any loans to be

made from those funds, when he knew those statements were false. Earlier, in September, 1985, he had filed a final account in the estate which he knew to be false, showing a balance of approximately $9400, when the actual balance was less than $140. In February, 1986 he testified in probate court to facts he knew to be untrue concerning the manner in which he handled the estate's assets. Finally, Attorney Weisfeldt failed to cooperate with the investigation of the Board and the district professional responsibility committee into his conduct in this matter.

On the basis of these facts, the referee concluded that Attorney Weisfeldt engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4),[1] commingled personal funds with client funds, in violation of SCR 20.50(1)[2] and 11.05,[3] misrepresented facts to a tribunal, in violation of SCR 20.36(1),[4] and violated SCR 22.07(2) and 21.03(4) by failing to cooperate in the Board's investigation of this matter. As discipline for this misconduct the referee recommends that Attorney Weisfeldt's license to practice law be revoked and that he be required to pay the costs of this proceeding.

We adopt the referee's findings and conclusions and accept the recommendation for discipline.

IT IS ORDERED that the license of Maurice B. Weisfeldt to practice law in Wisconsin is revoked, effective the date of this order.

---

[1]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[2]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

[3]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:1.15.

[4]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:3.3.

IT IS FURTHER ORDERED that within 60 days of the date of this order Maurice B. Weisfeldt pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Maurice B. Weisfeldt comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.